IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-732-F

| | |
|---|---|
| ROSILYN SAMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HOLLY HILL HOSITAL, and UNIVERSAL ) | |
| HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Plaintiff's Motion for Leave to File an Amended Complaint [DE-11], and on Defendant Universal Health System, Inc.'s ("UHS") Motion to Dismiss [DE-17] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, the Motion to Dismiss [DE-17] is ALLOWED, and the Motion for Leave to File an Amended Complaint [DE-11] is DENIED as futile.

I. **PROCEDURAL AND FACTUAL HISTORY**

The plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission on July 31, 2014, and filed her complaint against Defendants Holly Hill Hospital ("HHH") and UHS on October 29, 2014. *See* Complaint [DE-1]. In response to the Complaint, HHH filed an Answer [DE-10] on December 15, 2014, while UHS filed the present Motion to Dismiss [DE-17] on February 25, 2015. On January 7, 2015, between the two responses to the Complaint, the plaintiff filed the present Motion for Leave to File an Amended Complaint [DE-11].

The facts of the original Complaint, which the court must accept as true for purposes of the Motion to Dismiss, show the following. The plaintiff was employed by HHH from April 2011 to June 2014. Compl. [DE-1] at 2. During that time, the plaintiff submitted five to six applications for open positions at HHH, but was never allowed to interview for any of those positions. *Id.* The plaintiff alleges that she held superior credentials to and had more experience than other nurses who were promoted instead of her during the relevant time period. *Id.* at 2-3. All four nurses who were promoted were also considerably younger than the plaintiff. *Id.* at 3. The plaintiff further asserts that the Chief Nursing Officer, during three of the four occasions that the plaintiff spoke with him concerning a promotion, mentioned her age and said that she was "getting older." *Id.* at 4-5. The plaintiff alleges that she was not promoted, in part, due to her age. *See id.* at 2, 8.

The plaintiff further asserts discrimination based on her race. The plaintiff, who is black, alleges that she was wrongly cited for an error that did not occur during her night shift, but instead occurred during a day or evening shift. *Id.* at 6. The nurses on the evening and day shifts were white. *Id.*

UHS has moved to dismiss the plaintiff's Complaint, arguing that the plaintiff has failed to allege or show that UHS was the plaintiff's employer, as required by both Title VII and the ADEA. *See* Memorandum of Law in Support of Defendant UHS's Motion to Dismiss [DE-18] at 2-3. Also before the court is the plaintiff's motion to add UHS of Delaware, Inc. ("UHS Delaware") as a party to this action. *See* Mot. Leave File Am. Compl. [DE-11] at 1. HHH opposes the motion, arguing (1) that the amendment would be futile, and (2) that adding UHS Delaware is untimely and would not relate back to the Complaint. *See* Response to Plaintiff's Motion for Leave to File an Amended Complaint [DE-12] at 2-4.

2

## II. DISCUSSION

### A. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

UHS has moved to dismiss the plaintiff's Complaint because the plaintiff has failed to allege or show that UHS was the plaintiff's employer, as required by both Title VII and the ADEA. *See* Memorandum of Law in Support of Defendant UHS's Motion to Dismiss [DE-18] at 2-3. In essence, the plaintiff contends that UHS exercised sufficient control over employment decisions such that UHS was effectively her employer. *See* Response to Motion to Dismiss [DE-22] at 2. The court agrees with UHS.

3

Title VII and the Age Discrimination in Employment Act of 1967 (ADEA) impose liability only on a plaintiff's employer. *See King v. Wilmington Transit Co.*, 976 F. Supp. 356, 357-58 (E.D.N.C. 1997) (Title VII); *Miller v. Ingles*, Civil No. 1:09CV200, 2009 WL 4325218, at *7 (W.D.N.C. Nov. 24, 2009) (AEDA). Here, the only references to UHS in the Complaint are (1) that "UHS failed to offer equal employment opportunities by failing to make sure appropriate policies and procedures were in place," and (2) a few scattered facts about UHS's size and location. *Id.* at 2, 8. Even viewed in the light most favorably to the plaintiff, the statement is a mere conclusion and does not allege an employer-employee relationship between UHS and the plaintiff. The latter set of scattered facts does not show an employer-employee relationship, and the Complaint contains no other allegations indicating an employer-employee relationship. Moreover, the court does not accept the plaintiff's attempts to supplement her Complaint through her memorandum of law in opposition to the motion to dismiss. For those reasons, the Motion to Dismiss [DE-17] is ALLOWED. UHS is dismissed as a party to this action.

### B. Motion for Leave to File an Amended Complaint

Ordinarily, under Rule 15(a), courts should freely give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). In the typical case, although the decision to grant leave is well within a district court's discretion, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Here, HHH argues that the plaintiff's proposed amendment would be futile because the plaintiff does not at all allege that UHS Delaware was her employer. The court has reviewed the proposed amendment and agrees. The plaintiff's original and proposed amended complaints both do not allege that UHS Delaware was the plaintiff's employer. For that

4

reason and the reasons given for allowing UHS's Motion to Dismiss [DE-17], the Motion for Leave to File an Amended Complaint [DE-11] is DENIED as futile.

## III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE-17] is ALLOWED, and the Motion for Leave to File an Amended Complaint [DE-11] is DENIED as futile. UHS is dismissed as a party to this action. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the 14th day of August, 2015.

_____
JAMES C. FOX
Senior United States District Judge